MARTÍN ET AL., APPELLANTS, v. THE REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record an Urban Property.

No. 217.—Decided March 4, 1915.

RECORD OF TITLE—HOUSE BUILT ON OWN LAND.—A building constructed by a person on his own land belongs to the owner of the land, and, on the principle that the accessory follows the principal, no special record of the building is necessary.

ID.—HOUSE BUILT ON LAND OF ANOTHER.—When a building is constructed on the land of another person, both the land and the building are principal things for the purposes of the Mortgage Law, and must be recorded in favor of each owner.

ID.—ID.—ACQUIESCENCE OF OWNER OF LAND.—The fact that the owner of the land agrees to the construction of the building does not make it an accessory thing or destroy the provisions of article 20 of the Mortgage Law which require a prior record of the title of the grantor in order that it may be recorded in the name of his grantee.

The facts are stated in the opinion.

*Mr. A. F. Castro* for the appellants.

Mr. José Marcial López, the registrar, appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

By a public deed of January 16, 1915, Juan N. Rodríguez sold to the spouses Joseph Martin and Julia Barbé a certain rural property containing a zinc-roofed house built of native lumber, fronting on the highway, and another thatch-roofed frame house in bad condition. In the contract there is a

clause whose pertinent part reads as follows: "This property belongs to Rodríguez who acquired the same in the following manner: The house with the zinc roof measuring seven yards in front facing the highway and six yards in depth was acquired by construction at his own expense in August, 1911  *  *  *."

Upon presentation of the deed in the Registry of Property of Arecibo the registrar admitted it to record on January 25, 1915, "only as to the land and the thatch-roofed frame house now rebuilt and roofed with zinc, refusing to record the other zinc-roofed frame house on the same land because it does not appear recorded in the name of the seller, Juan N. Rodríguez Pérez, or of any other person."

Not being satisfied with the decision of the registrar as regards his refusal to record the said house, the purchasers took the present administrative appeal to this court, citing in support of their contention article 61 of the Regulations for the execution of the Mortgage Law and the jurisprudence laid down by this court in the case of *A. Sánchez & Co., Limited,* v. *The Registrar,* 16 P. R. R., 419, and by the General Directorate of Registries and Notaries of Spain in its decision of August 22, 1863.

The respondent registrar alleged in support of his decision that the law and jurisprudence cited by the appellants were not applicable to this case because they refer to buildings constructed on one's own land and the records of the registry show that the house in question was not built by the owner of the land, but by another person for his own use with the consent of the owner of the land.

According to the registry, the history of the house is as follows: It was built by Enrique Salas for his own use, with the consent of the owner of the land, who at that time was Carmelo Salas, and later sold by its owner to Juan N. Rodríguez and Miguel E. Miró in the same deed by which Carmelo Salas sold the land to the said Rodríguez and Miró. The deed of sale of the land and of the house was presented to the reg-

istry for record and, in fact, was recorded, but only as to the land. As regards the house, the registrar refused to record the same because it had not been recorded in the name of the seller. The decision of the registrar, which is dated July 13, 1912, was acquiesced in. Later one of the purchasers of the land and of the house, Miguel E. Miró, sold his share of the land and of the house to the other purchaser, Juan N. Rodríguez. The deed was presented in the registry and the action was repeated, i. e., the sale of the joint-ownership in the land was admitted to record, but record of the sale of the joint-ownership in the house was denied. The decision of the registrar was also acquiesced in. Matters being thus, the owner of the land and of the house, Juan N. Rodríguez, entered into the contract referred to herein with the spouses Martín, stating therein, as we have said, that the house in question was built by the seller at his own expense, thereby contradicting the registry to the effect that the seller acquired the house by purchase.

In his brief the registrar defended his decision as follows:

"It is evident that a building constructed by a person on his own land belongs to the owner of the land and that in such a case, on the principle that the accessory follows the principal, no special record of the building is necessary. (For this reason the house with the thatched roof on the same property and later reconstructed was recorded.)

"But this is not the present case. Here there is nothing accessory because the land belonged to one person and the building to another, therefore both the land and the building are principal things for the purposes of the Mortgage Law, and must be recorded separately in favor of each owner.

"An example of this is the case of lots gratuitously granted by municipalities for building purposes, in which case the lots are recorded in favor of the municipalities and the houses in favor of those who build them. The law only exempts owners of land from recording buildings which they construct thereon, but does not exempt persons who build on land of another.

"Therefore, when Carmelo Salas del Valle sold rural property No. 4581 and Enrique Salas del Valle sold the house roofed with zinc to Juan N. Rodríguez Pérez and Miguel E. Miró, the registrar was guided by the provision of article 20 of the Mortgage Law, which requires that they be recorded previously in the names of the grantors.

"The fact that Carmelo Salas del Valle stated in the deed that he had consented to the building of the house on his land and that the house formed an integral part of the property, does not affect or destroy the provision of article 20 of the Mortgage Law; on the contrary, it makes it plain and acknowledges that the house belonged to a *different owner,* hence the legal necessity of its being recorded previously in his name in order that it may be recorded in the name of his vendee.

"Furthermore, the original purchasers, Juan N. Rodríguez Pérez and Miguel E. Miró Gubiana, acquiesced in the decisions refusing to record the house, and when the former sold the property to the spouses Martín-Barbé he knew that it was not recorded in his name.

"The undersigned registrar could follow no other course but to refuse to record the house for the said reason that it was not recorded in the name of the vendor, since the record had been previously refused and the decision of the registrar acquiesced in by the original purchasers."

The above grounds of the registrar are sufficient to support the decision appealed from. The appeal should be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.